♦AO 245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED
06 NOV -7 PM 12: 53

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| SAMUEL MCCLAREN | Case Number: 06CR0466-JAH-02 |
| | Martin G. Molina |
| | Defendant's Attorney |

REGISTRATION NO. 98853198

THE DEFENDANT:
[x] pleaded guilty to count(s)   Three and Eight of the Eight-count Indictment.
[ ] was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 201(b)(2)(A) & (C) | BRIBERY | 3 |
| 26 USC 7206(1) | FILING A FALSE TAX RETURN | 8 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
[x] Count(s) remaining _____ is [ ] are [x] dismissed on the motion of the United States.

[x] Assessment: $200.00.

[x] No fine      [x] Property forfeited pursuant to order filed   7/18/06  , included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

October 31, 2006
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

Entered Date:

06CR0466-JAH-02

AO 245B     (Rev. 9/00) Judgment in Criminal Case
        Sheet 2 — Imprisonment

Judgment — Page __2__ of __4__

DEFENDANT: SAMUEL MCCLAREN
CASE NUMBER: 06CR0466-JAH-02

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

Ct3: SEVENTY-FIVE (78) MONTHS.
Ct8: THIRTY-SIX (36) MONTHS. Counts three and seven shall be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends custody in a minimum security facility in Southern California able to provide safety and security and the 500 hour drug treatment program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

06CR0466-JAH-02

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page  3  of  4

DEFENDANT: SAMUEL MCCLAREN
CASE NUMBER: 06CR0466-JAH-02

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Ct3: THREE (3) YEARS, Ct8: ONE (1) YEAR. Counts three and seven shall run concurrently.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.
The defendant shall cooperate as directed in the collection of a DNA sample, pursuant to 18 USC 3583(d).

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than ___4___ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

06CR0466-JAH-02

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
             Sheet 3 — Continued 2 — Supervised Release

Judgment—Page   4   of   4  

DEFENDANT: SAMUEL MCCLAREN
CASE NUMBER: 06CR0466-JAH-02

## SPECIAL CONDITIONS OF SUPERVISION

[x] Not possess any firearm, explosive device or other dangerous weapon.

[x] Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

[ ] The defendant shall violate no laws, federal, state and local, minor traffic excepted.

[ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.

[ ] Not transport, harbor, or assist undocumented aliens.

[x] Not associate with undocumented aliens or alien smugglers.

[ ] Not reenter the United States illegally.

[x] Not enter the Republic of Mexico or Panama without written permission of the Court or probation officer.

[x] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[ ] Participate in a mental health treatment program as directed by the probation office.

[x] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[x] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[x] File tax returns in accordance with IRS guidelines and cooperate with all IRS requests.

[ ] Resolve all outstanding warrants within _____ days.

[ ] Complete _____ hours of community service in a program approved by the probation officer within _____

[ ] Reside in a Community Corrections Center (CCC) as directed by the probation officer for a period of _____

[ ] Reside in a Community Corrections Center (CCC) as directed by the Bureau of Prisons for a period of _____ commencing upon release from imprisonment.

[ ] Remain in your place of residence for a period of _____, except while working at verifiable employment, attending religious services or undergoing medical treatment.

[ ] Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

[ ] Comply with the conditions of the Home Confinement Program for a period of _____ months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

[x] Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

06CR0466-JAH-02

FILED

06 JUL 18 AM 9: 33

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>SAMUEL McCLAREN (2),<br><br>        Defendant. | Case No. 06cr0466-JAH<br><br>**AMENDED PRELIMINARY ORDER OF CRIMINAL FORFEITURE** |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461, as properties constituting and derived from proceeds the Defendant obtained directly or indirectly as the result of the commission of the violation of Title 18, United States Code, Sections 201(b)(2)(A) and (C) as charged in the Indictment; and

WHEREAS, on or about July 7, 2006, the above-named Defendant, SAMUEL McCLAREN (2) ("Defendant"), pled guilty to Counts 3 and 8 of the Indictment, which plea included consent to the criminal forfeiture allegation pursuant to Title 18 as set forth in the Indictment; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

///




1  WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b)(3), the United States having requested the authority to take custody of the following properties which were found forfeitable by the Court, namely:

$85,940 in cash proceeds the Defendant obtained from his illegal activity, including, but not limited to the following funds seized by the United States:

    a.    $1,242.49 seized from Wells Fargo Bank;

    b.    $703.25 seized from Wells Fargo Bank;

    c.    $5,612.43 seized from Sun Community Federal Credit Union;

    d.    $37.11 seized from Sun Community Federal Credit Union.

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant SAMUEL McCLAREN (2) in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

$85,940 in cash proceeds the Defendant obtained from his illegal activity, including, but not limited to the following funds seized by the United States:

    a.    $1,242.49 seized from Wells Fargo Bank;

    b.    $703.25 seized from Wells Fargo Bank;

    c.    $5,612.43 seized from Sun Community Federal Credit Union;

    d.    $37.11 seized from Sun Community Federal Credit Union;

2.    The aforementioned forfeited assets are to be held by Internal Revenue Service-CI, in its secure custody and control.

///

///

3. Pursuant to Rule 32.2(b)and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to 21 U.S.C. § 853(n), the United States forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of Internal Revenue Service-CI's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

///

///

///

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED: 7-14-2006

JOHN A. HOUSTON, Judge
United States District Court

Submitted by:

CAROL C. LAM
United States Attorney

PAUL L. STARITA
Assistant U.S. Attorney

Preliminary Order Criminal Forfeiture
U.S. v. SAMUEL McCLAREN (2)
Case No. 06cr0466-JAH

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 06cr0466-JAH |
| )  Plaintiff, ) | CERTIFICATE OF SERVICE BY FACSIMILE |
| v. ) | |
| SAMUEL McCLAREN (2), ) | |
| )  Defendant. ) | |

STATE OF CALIFORNIA   )
                     )  ss.
COUNTY OF SAN DIEGO  )

IT IS HEREBY CERTIFIED THAT:

I, Marlene Muldowney, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California; my business address is 880 Front Street, San Diego, California; I am not a party to the above-entitled action; and,

On this date I transmitted via facsimile machine, at San Diego, California, in the above-entitled action, a copy of **PRELIMINARY ORDER OF CRIMINAL FORFEITURE** to Martin Molina, Esq., at his correct and current facsimile number, (619) 233-4145.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 14, 2006.

Marlene Muldowney

```
1  CAROL C. LAM
   United States Attorney
2  PAUL L. STARITA
   Assistant U.S. Attorney
3  California State Bar No. 219573
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6507

6  Attorneys for
   United States of America
7
```

**ORIGINAL**



FILED

JUL - 7 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## Consent and Agreement to Forfeiture

Evangelina McClaren, and the United States, by and through its counsel, Carol C. Lam, United States Attorney, and Paul L. Starita, Assistant U.S. Attorney, do hereby agree to the following:

1.  In consideration of the terms of the plea agreement entered into between Samuel McClaren and the United States in Criminal Case 06CR0466-JAH, Evangelina McClaren, Defendant Samuel McClaren's wife, agrees and consents to the forfeiture of all of her right, title, and interests in the $1,242.49 seized from Wells Fargo Bank, the $703.25 seized from Wells Fargo Bank, the $5,612.43 seized from Sun Community Federal Credit Union, and the $37.11 seized from Sun Community Federal Credit Union.

2.  Evangelina McClaren further understands that on or before the date first scheduled for sentencing, her husband, Defendant Samuel McClaren is required to forfeit and pay to the United States the sum of $85,940.00, which if the forgoing sums are forfeited in their entireties, will require the Defendant to pay the United States an additional $78,344.72. Evangelina McClaren agrees and understands that if a third party makes a successful claim to some portion of the $85,940.00 to be forfeited to the United States, her husband is required to pay additional amounts to the United States up to the $85,940.00.

3.  Evangelina McClaren waives any and all claim to the additional sums to be forfeited to the United States up to the $~~87,940.00~~ $85,940.00 TFS EM set forth in her husband's plea agreement.

4.  Evangelina McClaren acknowledges that she has been informed and advised of her right to retain counsel of her own choosing to represent her and that she enters into this agreement upon the advice of her own counsel.

1  5.  Evangelina McClaren consents to the forfeiture of the $85,940.00 to the United States
2  pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section
3  2461. Evangelina McClaren further agrees to not contest the criminal, civil or administrative forfeiture
4  proceedings relating to the $7,595.28 already seized by the United States and further agrees to not
5  contest the criminal, civil, or administrative forfeiture proceedings relating to the additional moneys up
6  to the total $85,940.00 to be forfeited to the United States. Evangelina McClaren waives notice of all
7  forfeiture proceedings with respect to the $85,940 and waives any and all defenses to such proceedings
8  that may be asserted, including, but not limited to, "innocent owner", "community property", and
9  constitutional defenses, and agrees that judgment may be entered against the properties in Criminal Case
10 06CR0466-JAH.

11 5.  The person or persons who made the arrest or the prosecutor shall not be liable to suit or
12 judgment on account of such seizures in accordance with Title 28, United States Code, Section 2465.

13 6.  Evangelina McClaren, her agents or assigns, shall hold and save harmless the United
14 States of America, its agents and employees, from any and all claims which might result from the
15 forfeiture of the $85,940.00 described herein.

16 7.  This agreement constitutes the entire agreement of the parties and relates solely to the
17 matters described in this agreement.

20 DATED: 7/7/06

PAUL L. STARITA
Assistant U.S. Attorney

24 DATED: 7/7/06

EVANGELINA MCCLAREN

27 DATED:

Attorney for EVANGELINA MCCLAREN